Argued and submitted November 14, 2000, affirmed January 17, 2001

Chris SKREPETOS,
Cynthia Lord, Lane Bouman, Klaas van de Pol,
William C. Nielsen, Paul Foland, Constance Foland,
Wayne Wiley, Jackson County Citizens League,
and Friends of Ashland,
*Petitioners,*

*v.*

OREGON WATER RESOURCES DEPARTMENT,
Martha Pagel, in her official capacity as Director,
Oregon Water Resources Commission,
and Provost Development Company,
*Respondents.*

(CC-12; CA A108300)

18 P3d 401

Jeffrey L. Kleinman argued the cause and filed the brief for petitioners.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondents Oregon Water Resources Department and Martha Pagel, in her official capacity as Director of the Oregon Water Resources Commission. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Gregory S. Hathaway argued the cause for respondent Provost Development Company. With him on the brief were Christopher P. Koback and Davis Wright Tremaine LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

Petitioners seek review of the Water Resources Department's approval of respondent Provost's application for a ground water permit to serve a destination resort for which Provost is in the process of seeking Jackson County's land use approval. The department placed a condition on the permit that prohibits its use "until the applicant obtains all required local land use approvals and local appeals periods have expired."

In issuing the permit, the department acted, *inter alia*, pursuant to OAR 690-005-0035(4)(c), which requires, in part:

> "If local land use approvals are pending, [the department shall] place conditions on a permit or other approval to preclude use of water and any associated construction until the applicant obtains all required local land use approvals; or, withhold issuance of the water use permit or approval until the applicant obtains all required local land use approvals."

The petitioners here also have actively opposed Provost's land use application to the county. That application is subject to a three-stage review and approval process: conceptual, preliminary, and final. The county's approval of the conceptual plan is now complete. The conceptual plan approval restricts the use of ground water for the resort's operational needs. The county has also issued its preliminary plan approval, which also restricts the use of ground water unless an amendment to the restriction is procured by the time of the final approval. The preliminary plan approval also contains a condition requiring Provost to obtain necessary permits from the Water Resources Department. LUBA has remanded the county's decision approving the preliminary plan. *Skrepetos v. Jackson County*, 29 Or LUBA 193 (1995). The bases for the remand are not directly pertinent to water-related issues. No county action at the final review and approval stage has yet occurred.

Provost contends, and the department agreed, that this case comes squarely within OAR 690-005-0035(4)(c). "Local land use approvals are pending," and the department

has conditioned the use of the ground water permit on Provost obtaining "all required local land use approvals."

Petitioners, however, take a different view. Because the conceptual approval is the only stage of the application process that has thus far achieved finality, petitioners argue that it is currently the final decision, and it does not allow the use of ground water that the permit ultimately could. Petitioners also regard the express possibility of an amendment to the ground water restrictions in the county's existing orders to be of no moment, because no application for an amendment has yet been filed and, hence, none is "pending." Petitioners conclude that the permit could not properly have been issued under subsection (4)(c) of the department's rule.

The department rejected petitioners' argument, concluding that the issuance of the conditional permit was consistent with subsection (4)(c). The department noted:

> "Contrary to [petitioners'] assertion, the Conceptual Site Plan order is not the final land use order with respect to this project. Approval of the Conceptual Site Plan is the first step of a multi-step process for land use approval."

We agree with the department's analysis. The application is "pending" until it reaches the stage of a final disposition at the third stage or is withdrawn or dispositively rejected at an earlier stage. A final disposition of one or both of the two earlier stages does not end the application process. Petitioners point to nothing to support their understanding that the conceptual approval, or any part of it, is a "final" decision on anything. Indeed, the county's later order on the preliminary plan expressly recognizes the possibility of an amendment to the restrictions on ground water use in the earlier orders. The department was correct in rejecting petitioners' view that its rule creates a regulatory shell game, in which the county's land use approval is contingent on the department's issuance of a permit and the department's issuance of a permit is contingent on the county's land use approval.[1]

Affirmed.

---

[1] Our rejection of petitioners' argument under OAR 690-005-0035(4)(c) makes it unnecessary for us to reach their other contentions.